UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON LAC,<br><br>              Plaintiff,<br><br>       v.<br><br>NATIONSTAR MORTGAGE LLC,<br>DOES 1–10,<br><br>              Defendant. | No.  2:15-cv-00523-KJM-DAD<br><br><br><br>ORDER |

This matter is before the court on plaintiff Nelson Lac's *ex parte* application for a temporary restraining order barring the foreclosure sale of his home. ECF No. 13.

Lac filed a complaint in this court on March 9, 2015. ECF No. 1. He alleges the defendant, Nationstar Mortgage LLC, did not comply with California Civil Code section 2923.55 before initiating foreclosure proceedings. *Id.* ¶ 9. Specifically, Lac alleges Nationstar did not respond to several letters requesting a home mortgage loan modification before it recorded a notice of default in late 2014. *See id.* ¶¶ 3–7. The court granted Lac's motion to proceed *in forma pauperis* on March 18, 2015. ECF No. 4. The United States Marshals Service completed service, and a summons was returned executed and filed on the docket on August 24, 2015. ECF No. 11. Nationstar has not yet appeared or filed a responsive pleading. On September 17, 2015, Lac filed a "Motion for Entry of Default" against Nationstar. ECF No. 12.

1

On September 20, 2015, Lac filed the current ex parte application, notifying the court a foreclosure sale has been scheduled for October 13, 2015.  App. 3, ECF No. 13.  No regular civil law and motion hearing date is available on the court's calendar before that date.  To his application Lac attached his declaration and that of his counsel describing the basis of his request, ECF Nos. 13-1, 13-2, copies of letters he sent to Nationstar requesting a loan modification, ECF No. 13-3, a copy of a letter he received from Nationstar, and the recorded notice of default and notice of trustee's sale, scheduled for October 13, 2015, at 9:30 a.m., ECF No. 13-4.

First, given the unusual circumstances of this case, the court declines to strictly impose the requirements listed in Local Rule 231.[1]  The complaint, legal memorandum, affidavits, attached exhibits, and service by the United States Marshals Service accomplish the goals of that Rule.

Second, in the interest of justice and an efficient resolution of this case, the court defers its decision on Lac's *ex parte* application for a temporary restraining order pending a hearing, and orders as follows:

---

[1] That Rule provides in relevant part as follows:

> No hearing on a temporary restraining order will normally be set unless the following documents are provided to the Court and, unless impossible under the circumstances, to the affected parties or their counsel: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on all relevant legal issues presented by the motion; (4) an affidavit in support of the existence of an irreparable injury; (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given, *see* L.R. 142; (6) a proposed temporary restraining order with a provision for a bond, *see* L.R. 151; (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance, *see* L.R. 137; and (8) in all instances in which a temporary restraining order is requested ex parte, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. *See* Fed. R. Civ. P. 65(b).

E.D. Cal. L.R. 231(c).

        (1) A hearing is SET for Tuesday, **October 6, 2015**, at 2:30 p.m. in Courtroom 3 before the undersigned; and

        (2) Plaintiff's counsel shall immediately contact Nationstar and (a) notify it of the pending application for a temporary restraining order and the hearing above, (b) serve a copy of this order on Nationstar, and (c) file proof of service of both (a) and (b).

        IT IS SO ORDERED.

DATED: September 21, 2015.

                                          UNITED STATES DISTRICT JUDGE