UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON LAC,<br><br>                    Plaintiff,<br><br>          v.<br><br>NATIONSTAR MORTGAGE LLC,<br>DOES 1–10,<br><br>                    Defendant. | No.  2:15-cv-00523-KJM-AC (TEMP)<br><br>ORDER |

Defendant Nationstar Mortgage LLC moves to dismiss Nelson Lac's complaint, which alleges Nationstar did not comply with California Civil Code section 2923.55 before initiating foreclosure proceedings. The court took the matter under submission without holding a hearing. For the following reasons, the motion is STRICKEN.

I.      BACKGROUND

Lac filed a complaint in this court on March 9, 2015. ECF No. 1. He alleges Nationstar did not respond to several requests he made for a home mortgage loan modification before it recorded a notice of default in late 2014. *See id.* ¶¶ 3–7. The court granted Lac's motion to proceed *in forma pauperis* on March 18, 2015. ECF No. 4. The United States Marshals Service completed service, Nationstar was served on August 19, 2015, and a summons was returned executed and filed on the docket on August 24, 2015. ECF No. 10. Nationstar's

responsive pleading was due September 9, 2015, *see* Fed. R. Civ. P. 12(a)(1)(A), but it did not appear, and on September 17, 2015, Lac filed a "Motion for Entry of Default," ECF No. 12.

On September 20, 2015, Lac filed an ex parte application for a temporary restraining order, notifying the court a foreclosure sale had been scheduled for October 13, 2015. TRO App. 3, ECF No. 13.  The court set a hearing for October 6, 2015 and instructed Lac's counsel to contact Nationstar and notify it of Lac's application for a temporary restraining order and the hearing.  Order Sept. 22, 2015, ECF No. 15.  Counsel complied with that order.  ECF No. 16.

On October 2, 2015, Nationstar filed the pending motion to dismiss, noticing a hearing for November 20, 2015.  ECF No. 17.  On October 6, 2015, the court held the hearing on Lac's ex parte application for a temporary restraining order.  Minutes, ECF No. 23.  Following a discussion with counsel, the court issued an order granting the application for a temporary restraining order as unopposed and enjoining any foreclosure sale for sixty days.  Order Oct. 14, 2015, ECF No. 24.  Lac later opposed the motion to dismiss, arguing both (1) that it was filed after the date by which Nationstar was required to file a responsive pleading and (2) that the motion must be denied on its merits.  ECF No. 26.  Nationstar replied.  ECF No. 27.

II.     DISCUSSION

Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Lac requested entry of default on September 17, 2015, several days after the date Nationstar was required to plead or otherwise defend.  ECF No. 12.  He attached the affidavit of his attorney, who detailed Nationstar's failure to answer or defend.  *See* Bolaños Aff., ECF No. 12-1.  Rule 55(a) requires the entry of default.  Default has not yet been entered.  The Clerk's Office is therefore instructed to enter Nationstar's default.

"The court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  "To determine 'good cause,' a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it

2

had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citations, quotation marks, and alterations omitted).  Nationstar has not shown good cause to set aside the default.  It has made no effort to explain its delay, and it appeared in this action only after the court ordered Lac's counsel to serve a prior order on Nationstar.  Finally, "[t]he filing of an untimely motion to dismiss . . . does not constitute 'good cause,' sufficient to relieve a party from the entry of default." *Stanley v. Heckler*, 604 F. Supp. 1102, 1104 (D. Mont. 1985).

III.    CONCLUSION

   The Clerk of the Court is instructed to enter DEFAULT against Nationstar.  The motion to dismiss is STRICKEN.

   IT IS SO ORDERED.

DATED:  November 17, 2015.

_____
UNITED STATES DISTRICT JUDGE