1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NELSON LAC,                                    No.  2:15-cv-00523-KJM-AC (TEMP)

12                        Plaintiff,

13          v.                                       ORDER

14   NATIONSTAR MORTGAGE LLC,
     DOES 1–10,
15
                          Defendant.
16

17

18          Nelson Lac alleges Nationstar Mortgage LLC is attempting to conduct a

19   foreclosure sale of his Sacramento, California home without first following the requirements of

20   California law.  He also alleges Nationstar made misrepresentations and engaged in unfair

21   business practices.  Nationstar did not file a timely responsive pleading, and the Clerk entered

22   Nationstar's default.  Nationstar now moves to set aside the Clerk's entry of default, and Lac

23   opposes the motion.

24          In addition, Lac filed a motion for attorneys' fees he incurred pursuing a

25   temporary restraining order to enjoin the foreclosure sale.  If Nationstar's motion to set aside the

26   entry of default is granted, Lac requests an award of the attorneys' fees he incurred in obtaining

27   the entry of default and in opposing Nationstar's motion.

28

                                                  1

1    Both motions were submitted for decision without a hearing.  As explained below,
2    Nationstar's motion is granted, and Lac's motion is granted in part.

3    I.    BACKGROUND

4        Lac filed a complaint in this court in early 2015.  ECF No. 1.  He alleges
5    Nationstar ignored several requests he made for a home mortgage loan modification before it
6    recorded a notice of default in late 2014, which he claims was a violation of the California Civil
7    Code.  *See id.* ¶¶ 3–11 (citing Cal. Civ. Code § 2923.55 and *Intengan v. BAC Home Loans*
8    *Servicing LP*, 214 Cal. App. 4th 1047, 1057 (2013)).  He also alleges Nationstar made
9    misrepresentations to him when it "robo-signed" a declaration attached to the notice of default,
10   *id.* ¶¶ 14–15, and he seeks relief under California's Unfair Competition Law, Cal. Bus. & Prof.
11   Code §§ 17200 *et seq.*

12       The court granted Lac's motion to proceed *in forma pauperis*, ECF No. 4, and the
13   United States Marshals Service completed service of the complaint on August 19, 2015.  ECF
14   No. 10.  Nationstar's responsive pleading was due September 9, 2015, *see* Fed. R. Civ. P.
15   12(a)(1)(A), but it did not appear.  On September 17, 2015, Lac filed a moved for the entry of
16   Nationstar's default.  ECF No. 12.

17       In September 2015, Lac filed an *ex parte* application for a temporary restraining
18   order, notifying the court a foreclosure sale had been scheduled for mid-October.  TRO App. 3,
19   ECF No. 13.  The court set a hearing on the motion and instructed Lac's counsel to contact
20   Nationstar and notify it of Lac's application and the hearing.  ECF No. 15.  Counsel complied
21   with that order.  ECF No. 16.

22       In October 2015, Nationstar appeared in this action by filing a belated motion to
23   dismiss.  ECF No. 17.  It asserted defenses against Lac's claims but did not justify its delay.  *See*
24   *generally id.*  A few days later, the court held a hearing on Lac's *ex parte* application.  Minutes,
25   ECF No. 23.  Following a discussion with counsel, the court issued an order granting the
26   application for a temporary restraining order as unopposed and enjoining any foreclosure sale for
27   sixty days.  Order Oct. 14, 2015, ECF No. 24.  The court also ordered the parties to participate in
28   a court-convened settlement conference.  *Id.*  In a separate order, the court struck Nationstar's

1    untimely motion to dismiss and instructed the Clerk's Office to enter Nationstar's default.  ECF

2    No. 30.  Following the court's order, the Clerk's Office entered default and Lac moved for default

3    judgment.  Clerk's Entry of Default, ECF No. 31; Mot. Default J., ECF No. 32.  Lac also filed a

4    request for an award of the attorneys' fees he incurred in obtaining the temporary restraining

5    order.  *See* ECF Nos. 34, 36.

6              Both parties participated in the settlement conference, but the case did not settle.

7    ECF No. 37.  A week later, Lac applied *ex parte* for an order extending the injunction of the sale

8    of his home.  ECF No. 38.  The court granted that application, noting Nationstar's opposition

9    papers represented the sale had been postponed until February 2016.  ECF No. 41.

10             The assigned magistrate judge held a hearing on Lac's motion for default

11   judgment in January 2016.  ECF No. 45.  Neither Lac nor his attorney appeared.  ECF No. 45.

12   The magistrate judge denied the motion without prejudice and allowed Nationstar thirty days to

13   move for an order setting aside its default.  ECF No. 46.  Nationstar filed its motion on February

14   5, 2016.  ECF No. 47.  Lac opposed the motion, ECF No. 48, and Nationstar replied, ECF No. 50.

15   In short, Nationstar explained that it had not referred this case to local counsel, as is its normal

16   practice, because the complaint was served on its Texas office rather than its California office.

17   Mot. Set Aside at 2–3; Bruner Decl. ¶¶ 3–5, ECF No. 47-1.  In opposition, Lac protests that

18   Nationstar has strategically ignored this litigation and attempted to go forward with the

19   foreclosure of his home.  Opp'n at 1–2.  Should the court disagree and grant the motion, he

20   requests his attorneys' fees incurred in obtaining the default.  *Id.* at 2.

21             While Nationstar's motion was pending, Lac again moved *ex parte* for an order

22   extending the injunction on the sale of his home, attaching a notice that a sale had been set for

23   March 8, 2016.  ECF No. 49.  In opposition, Nationstar's counsel averred the sale had been

24   postponed until May 10, 2016, ECF No. 52, so the court again granted the motion as unopposed

25   and enjoined any sale before that date.  ECF No. 54.  Lac also recently moved for a preliminary

26   injunction.  ECF No. 56.

27

28

                                                    3

1    II.        MOTION TO SET ASIDE DEFAULT

2              A clerk's entry of default may be set aside for "good cause."  Fed. R. Civ. P. 55(c).

3    "To determine 'good cause,' a court must consider three factors: (1) whether the party seeking to

4    set aside the default engaged in culpable conduct that led to the default; (2) whether it had no

5    meritorious defense; or (3) whether reopening the default judgment would prejudice the other

6    party."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091

7    (9th Cir. 2010) (citations, quotation marks, and alterations omitted).  This is the same standard

8    that applies to motions to set aside default judgment under Rule 60(b), and is a specific

9    application of the oft-stated general rule that whenever possible, cases should be decided on their

10   merits.  *Id.*

11             Because the test described above is disjunctive, a motion to set aside the entry of

12   default may be refused in the presence of any one of the three factors.  *Brandt v. Am. Bankers Ins.*

13   *Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011).  The court therefore reviews each.

14             First, a defaulting defendant acts "culpably" if it had notice of the lawsuit but

15   intentionally declined to answer.  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th

16   Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff* ex rel. *Breiner*, 532 U.S. 141, 147

17   (2001).  "Intentional" conduct in this sense is "willful," "deliberate," or in "bad faith," rather than

18   neglectful.  *Id.* at 697–98.  If the defendant's explanations for its default are all consistent with a

19   willful or bad faith failure to respond, the court may refuse to set aside its default.  *Id.* (collecting

20   cases).  Here, Nationstar explains that its staff did not refer the case to local counsel because it

21   received service in an out-of-state office.  This explanation is not suggestive of a willful,

22   deliberate, or bad faith failure to respond, but of the type of inadvertence, neglect, or oversight

23   courts often excuse.  *See, e.g.*, *Mesle*, 615 F.3d at 1093 (the defendant was not culpable, but

24   simply "ignorant of the law and unable to understand correctly his legal obligations"); *TCI Grp.*,

25   244 F.3d at 699 (exigent personal circumstances and unfamiliarity with legal matters did not

26   suggest intentional conduct); *Gregorian v. Izvestia*, 871 F.2d 1515, 1525–26 (9th Cir. 1989) (the

27   defendant did not act culpably by refusing to respond on the basis of its erroneous belief it was

28   protected by sovereign immunity); *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984) (the defendant

1   did not act culpably by missing a hearing because she was preoccupied with her departure to a

2   foreign country the next day, where she would receive medical treatment).  The court also

3   disagrees with Lac that Nationstar has ignored this litigation.  Since appearing, Nationstar has

4   consistently participated in the case.  Though initially careless, Nationstar has not acted culpably.

5          Second, a meritorious defense: "All that is necessary to satisfy the 'meritorious

6   defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*,

7   615 F.3d at 1094.  This is not an "extraordinarily heavy" burden. *TCI Grp.*, 244 F.3d at 700.

8   Here, Nationstar alleges it has now begun reviewing Lac's application for a loan modification and

9   rescinded the notice of default on which his lawsuit is based.  As a result, it argues his mortgage

10  claims are moot.  Mot. Set Aside at 3–4.  Nationstar also alleges that contrary to the allegations in

11  the complaint, it fulfilled its obligations under the Civil Code by contacting Lac before issuing the

12  notice of default and providing him with a single point of contact. *Id.* at 4–5.  And it cites

13  authority to show it had no legal obligation to offer him a modification. *Id.* at 5 (citing, *inter alia*,

14  *Rey v. OneWest Bank, FSB*, No. 12-02078, 2013 WL 127829, at *4 (E.D. Cal. Jan. 9, 2013)

15  (California law imposes "no mandate that the lender extend an offer of loan modification to the

16  borrower or that the lender acquiesce to a request by the borrower for loan modification" (citation

17  and quotation marks omitted))).  Nationstar addresses Lac's allegations of negligent

18  misrepresentation by arguing they are insufficiently particular under the standard of Federal Rule

19  of Civil Procedure 9(b), which applies to claims of fraud. *Id.* at 5–6. *But see, e.g.*, *Green v. Cent.*

20  *Mortg. Co.*, __ F. Supp. 3d __, 2015 WL 7734213, at *18 (N.D. Cal. Dec. 1, 2015) (noting a split

21  of authority on the question of whether Rule 9(b) applies to California-law claims of negligent

22  misrepresentation).[1]  These arguments and allegations, if sustained, could allow Nationstar a

23  defense.  Lac does not argue otherwise. *See generally* Opp'n.  This factor cannot support the

24  denial of Nationstar's motion.

25

26  _____

27          [1] The undersigned previously has acknowledged the split in authority but has not needed
    to resolve the question. *See, e.g., Ferguson v. JPMorgan Chase Bank, N.A.*, No. 14-00328, 2014
    WL 2118527, at *9 (E.D. Cal. May 21, 2014).

28

1         Lastly, the court may refuse to set aside the entry of default if doing so would

2   prejudice Lac's case. "To be prejudicial, the setting aside of a judgment must result in greater

3   harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. Only tangible

4   harm, such as the loss of evidence, complication of discovery, or the risk of fraud or collusion,

5   will support the denial of a motion to set aside the entry of default. *Id.* A plaintiff is not

6   prejudiced if forced only to litigate the merits of his case. *Id.* Here, Lac has described no

7   prejudice, and the court is aware of none.

8         In summary, nothing suggests that Nationstar acted culpably, that it lacks a

9   meritorious defense, or that Lac will be prejudiced if the default is set aside. Nationstar's motion

10  is granted.

11  III.    <u>REQUESTS FOR ATTORNEYS' FEES</u>

12        As noted above, Lac requests attorneys' fees in two instances: first, under

13  California Civil Code section 2924.12, for time spent obtaining a temporary restraining order, and

14  second, for time spent procuring the entry of Nationstar's default. The court addresses first his

15  request for fees under section 2924.12.

16      A.    <u>Fees under California Civil Code Section 2924.12</u>

17        In an action involving a substantive question of state law, a federal court applies

18  the forum state's law to determine whether a party is entitled to an award of attorneys' fees.

19  *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).[2] Under

20  California law, the court may award reasonable attorneys' fees and costs to a "prevailing

21  borrower" in an action challenging a foreclosure. *See* Cal. Civ. Code § 2924.12(i); *Monterossa v.*

22  *Superior Court of Sacramento Cnty.*, 237 Cal. App. 4th 747, 753, 757 (2015). A borrower is

23  deemed to have "prevailed" if he or she "obtained injunctive relief or was awarded damages."

24  Cal. Civ. Code § 2924.12(i). This provision applies to preliminary injunctive relief, including

25  temporary restraining orders. *See Monterossa*, 237 Cal. App. 4th at 757; *see also* Cal. Civ. Code

26  § 2924.12(i) (referring broadly to "injunctive relief").

27         [2] This general rule does not apply, however, when state law conflicts with a valid federal
statute or procedural rule. *See id.* That is not the case here.

28

1        Here, there is no question Lac obtained "injunctive relief" in response to his

2    request for a temporary restraining order.  Nationstar cannot sidestep this result by offering to

3    postpone the sale and consider his application, laudable as that offer may be; otherwise a lender

4    could "violate the statute with impunity" and later correct its violations as a litigation tactic.  *Tuan*

5    *Anh Le v. Bank of N.Y. Mellon*, ___ F. Supp. 3d ___, 2015 WL 9319487, at *11–12 (N.D. Cal.

6    Dec. 23, 2015).  Lac is therefore entitled to his reasonable attorneys' fees.

7        When state law allows for an award of attorneys' fees, state law also supplies the

8    method of fee calculation.  *See Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1479 (9th

9    Cir. 1995).  Under California law, a reasonable attorneys' fee is calculated based on a lodestar

10   figure, the product of all hours reasonably spent and a reasonable hourly rate.  *Ketchum v. Moses*,

11   24 Cal. 4th 1122, 1131–32 (2001).  The court should take care not to award compensation for

12   inefficient and duplicative efforts.  *Id.* at 1132.  A reasonable hourly rate is the rate prevailing in

13   the relevant community.  *Id.*  This lodestar fee may then be adjusted to account for "(1) the

14   novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the

15   extent to which the nature of the litigation precluded other employment by the attorneys, (4) the

16   contingent nature of the fee award."  *Id.*  The court's goal is to approximate the market value of

17   the attorneys' services.  *Id.*

18       Here, Lac has submitted the declaration of his attorney, Aldon Bolanos, who lists

19   the hours he spent preparing the motion for a temporary restraining order.  *See* Bolanos Decl.,

20   ECF No. 36-1; *id.* Ex. 1, ECF No. 36-2.  Bolanos documented his time in this litigation to the

21   tenth of an hour and attached detailed descriptions to each entry.  Except for one entry, the court

22   concludes his time was spent reasonably:  the court declines to award compensation for the entire

23   7.2 hours Bolanos spent preparing an opposition to Nationstar's motion to dismiss.  In only a

24   limited sense did the relief Lac obtained depend on this motion; if it had been granted, Lac would

25   not have been awarded injunctive relief.  But because the motion to dismiss was clearly untimely

26   and its substance at best ancillary to Lac's request for injunctive relief, the court imposes a

27

28

7

1    reduction of 5 hours.  Subtracting this amount from the total entries listed, Lac is entitled to an

2    award for 22.2 hours reasonably spent obtaining injunctive relief.[3]

3           Lac requests compensation for Bolanos's time at $300 per hour.  He does not

4    support this request with any evidence other than Bolanos's declaration that he is "personally

5    acquainted with another attorney in this area who works for the banks on these kinds of cases and

6    he earns substantially more than this per hour to defend the banks."  Bolanos Decl. ¶ 4 (emphasis

7    omitted).  On its own motion, the court takes judicial notice of Bolanos's profile on the California

8    Bar Association's website, which reports that Bolanos was admitted to practice in December

9    2004.[4]  Courts in this district have recently approved awards at approximately $300 per hour for

10   attorneys with similar experience in cases of comparable complexity, including in the Fresno

11   division, where rates may often be lower than in Sacramento.  *See, e.g.*, *Archer v. Gipson*, No. 12-

12   00261, 2015 WL 9473409, at *13 & n.6 (E.D. Cal. Dec. 28, 2015); *Nechitaylo v. Wedum Family*

13   *Ltd. P'ship*, No. 13-01001, 2015 WL 8479627, at *1 (E.D. Cal. Dec. 10, 2015); *Estate of Crawley*

14   *v. Kings Cnty.*, No. 13-02042, 2015 WL 4508642, at *7 (E.D. Cal. July 24, 2015).  The court

15   therefore finds the requested rate to be reasonable, and awards Lac $6,660 in fees incurred in

16   obtaining injunctive relief (22.2 hours at $300 per hour).

17           B.    Fees Incurred Procuring the Entry of Default

18           Lac also requests attorneys' fees for time spent obtaining the entry of default.  A

19   district court has discretion to impose attorneys' fees as a condition on the setting-aside of an

20   entry of default.  *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*,

21   854 F.2d 1538, 1546–47 (9th Cir. 1988).  "By conditioning the setting aside of a default, any

22

23   _____

24        [3] The court is unable to calculate the 28.1-hour total Bolanos provided, based on the
     underlying information.  *See* Bolanos Decl. Ex. 1.

25        [4] At the time this order was issued, the profile was accessible at
26   http://members.calbar.ca.gov/fal/Member/Detail/233915.  Bolanos was temporarily suspended
     from practice between November 27, 2015 and February 25, 2016.  *See id.*  The court has not
27   awarded fees for his time during this period.  The court has also considered his suspension in
     determining a reasonable hourly rate.

28

8

1  prejudice suffered by the non-defaulting party as a result of the default and the subsequent

2  reopening of the litigation can be rectified." *Id.* at 1546.

3          Here, Bolanos reports that he spent two hours preparing the motion for entry of

4  default and two hours opposing the motion to set aside that default, and Lac requests fees at

5  Bolanos's $300 rate, in total $1,200.  *See* Bolanos Decl., ECF No. 48-1.  This is a relatively

6  uncomplicated case in a relatively straightforward procedural situation.  Moreover, no evidence

7  suggests Nationstar's actions were as culpable as in cases where sanctions were awarded.  *See,*

8  *e.g.*, *Nilsson*, 854 F.2d at 1547 (sanctions were imposed after three previous entries of default and

9  several failures to comply with other court orders); *Wahoo Int'l, Inc, v. Phix Doctor, Inc.*, No. 13-

10  1395, 2015 WL 410347, at *3–4 & n.3 (S.D. Cal. Jan. 29, 2015) (two entries of default and

11  several late filings).  And as the court found above, the reopening of this case will not cause Lac

12  the type of prejudice that militates against moving forward with the litigation.  Lac's absence at

13  the hearing on his motion for default judgment supports the conclusion that he suffers no

14  prejudice from the reopening of the case.  The court therefore denies his request for an award of

15  attorneys' fees incurred in obtaining the default and opposing Nationstar's motion to set aside the

16  default.

17  IV.     CONCLUSION

18          Nationstar's motion to set aside the entry of default is GRANTED.  Lac's motion

19  for attorneys' fees is GRANTED IN PART, and he is awarded $6,660 for attorneys' fees incurred

20  in obtaining injunctive relief.

21          IT IS SO ORDERED.

22   DATED:  March 28, 2016.

23

24  _____
    UNITED STATES DISTRICT JUDGE

25

26

27

28