UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON LAC, | No. 2:15-cv-523-KJM-AC |
| Plaintiff, | |
| v. | <u>ORDER TO SHOW CAUSE</u> |
| NATIONSTAR MORTGAGE, LLC, | |
| Defendant. | |

On May 23, 2016, the undersigned conducted a settlement conference in this matter. Plaintiff's counsel, Aldon Bolanos, appeared along with his client, Nelson Lac; and defendant's counsel, Jared Ede, appeared along with a client representative from defendant. (ECF No. 81.) Although the case did not settle that day, the parties agreed to continue working in good faith towards an informal resolution, with follow-up assistance from the undersigned.

Subsequently, several e-mails were exchanged between the parties, and the court was copied on such e-mails. Although the undersigned will not reveal the substantive content of the settlement communications exchanged, it may be fairly said that Mr. Ede experienced significant difficulties getting Mr. Bolanos and his client to meaningfully respond to defendant's settlement proposals.

Notably, on Friday, May 27, 2016, Mr. Ede proposed a settlement agreement at terms which were virtually identical to what Mr. Bolanos had proposed at the May 23, 2016 settlement

1 conference.  Mr. Bolanos responded that he could not get the settlement done that day, because he
2 was away for the long weekend.  When Mr. Ede followed up through multiple emails on Tuesday
3 May 31, 2016, Mr. Bolanos indicated that he had not heard back from his client yet.  Mr. Bolanos
4 suggested moving out the upcoming June 3, 2016 hearing on various motions pending before
5 Judge Mueller, but Mr. Ede explained that defendant, understandably, would not authorize a
6 postponement of the hearing unless the parties had a settlement in principle, with perhaps mere
7 minor details in the settlement agreement to be worked out.

8 In light of the lack of substantive response from Mr. Bolanos and his client, and mindful
9 of the upcoming June 3, 2016 hearing before Judge Mueller that may be mooted by a settlement,
10 the undersigned left a voicemail for Mr. Bolanos to call him back on the morning of Wednesday
11 June 1, 2016.  When Mr. Bolanos did not return the undersigned's call that day, the undersigned
12 again left a voicemail for Mr. Bolanos early in the morning on Thursday June 2, 2016.  When Mr.
13 Bolanos thereafter again failed to promptly return the undersigned's call, the undersigned left yet
14 another message for Mr. Bolanos over the lunch hour on June 2, 2016, this time with a member of
15 Mr. Bolanos's staff and with an admonition that the undersigned expected a prompt return call.  A
16 few hours after that message, Mr. Bolanos finally returned the undersigned's call.

17 During the telephone call with Mr. Bolanos, he indicated that he expected his client to
18 notify him regarding acceptance or rejection of defendant's settlement offer sometime that day
19 (June 2, 2016), but he did not know exactly when.  Mr. Bolanos also acknowledged that he had
20 not previously informed Mr. Ede or the court about the fact that he had been successful in
21 reaching his client, or the status or timing of a response to defendant's settlement proposal,
22 despite the imminently approaching motions hearing before Judge Mueller.  Instead, Mr. Bolanos
23 stated unapologetically that he had planned to return the undersigned's call and respond to Mr.
24 Ede's e-mail after speaking with his client at some unknown time on June 2, 2016, the day before
25 the motions hearing.[1]  Finally, although Mr. Bolanos conceded that defendant's offer was

---

[1] Mr. Bolanos also stated that he believed it was "acceptable business practice" if he returned the undersigned's call within 24 hours.  Significantly, 1 ½ days had lapsed since the first message, and Mr. Bolanos indicated he still wouldn't have communicated with the court but for the undersigned leaving him a third message and instructing Mr. Bolanos to contact his client to

1  substantially the same as what plaintiff had previously demanded at the settlement conference,
2  Mr. Bolanos indicated that he and his client now had certain strong reservations about the terms
3  of that settlement.

4  In sum, Mr. Bolanos failed to promptly respond to defendant's counsel and the
5  undersigned's communications.  Even if his client had been difficult to reach at times, he should
6  have kept defendant's counsel and the undersigned informed regarding the status of discussions
7  with his client, including when he anticipated an acceptance or rejection of defendant's settlement
8  offer.  Moreover, Mr. Bolanos's conduct may also have resulted in a substantial waste of judicial
9  resources, given that Judge Mueller and her staff have now been forced to prepare for hearing
10 motions that may be mooted by a settlement that could have been finalized prior to the hearing
11 had Mr. Bolanos been diligent.  Finally, the undersigned is also troubled by the fact that the
12 undersigned spent significant time at the settlement conference to assist in what appeared to be
13 good faith negotiations, only to discover that plaintiff now supposedly has grave doubts about
14 settling on terms plaintiff himself had demanded at the settlement conference.

15 Given Mr. Bolanos's conduct, as well as his unapologetic, and at times bordering on
16 disrespectful, tone on the telephone call, the undersigned is strongly inclined to impose sanctions,
17 but finds it appropriate to provide Mr. Bolanos an opportunity to respond.

18 Accordingly, within seven (7) days of this order, Mr. Bolanos shall SHOW CAUSE in
19 writing why monetary sanctions should not be imposed on him personally given his above-
20 mentioned conduct.

21 IT IS SO ORDERED.
22 Dated:  June 2, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

28 ascertain the settlement status.