UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON LAC, | No. 2:15-cv-00523-KJM-AC (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| NATIONSTAR MORTGAGE LLC, DOES 1–10, | |
| Defendants. | |

Having reviewed the allegations of the complaint and the parties' briefing, the court orders as follows:[1]

I.   WRONGFUL FORECLOSURE

A claim for wrongful foreclosure cannot proceed before a foreclosure sale occurs. *Vega v. JP Morgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009) (citing *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970)).  In addition, a plaintiff who alleges wrongful foreclosure must allege either that he tendered the amount due on the mortgage or that an exception to this rule applies.  *Nugent v. Fed. Home Loan Mortg. Corp.*, No. 12-00091, 2013 WL

---

[1] In an effort to streamline resolution of motions to dismiss in cases where the parties have counsel, when the court is granting leave to amend it is adopting a shortened form of order consistent with the order issued here.

1

1326425, at *7 (E.D. Cal. Mar. 29, 2013) (citing *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112–13 (2011), and *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250, 1280–81 (2012)).  Here, no foreclosure sale has occurred, and the complaint includes neither an allegation of tender nor of any applicable exception to the tender requirement.  This claim is dismissed.

II.     NEGLIGENT MISREPRESENTATION

To state a claim for negligent misrepresentation, a plaintiff must allege (1) the defendant represented a material fact; (2) the representation was untrue; (3) the defendant made the representation without a reasonable ground for believing the representation was true; (4) the defendant intended to induce the plaintiff to rely on the misrepresentation; (5) that plaintiff did not know the representation was false and justifiably relied on it; and (6) the plaintiff suffered damages as a result.  *In re Daisy Sys. Corp.*, 97 F.3d 1171, 1180 (9th Cir. 1996) (citing *Masters v. San Bernardino Cty. Emps. Ret. Ass'n*, 32 Cal. App. 4th 30, 40 n.6 (1995)).  Here, Lac alleges Nationstar misrepresented its efforts to contact him before recording a notice of trustee's sale.  He alleges neither that he relied on this misrepresentation nor that it caused him damages.  This claim is dismissed.

III.    UNFAIR COMPETITION LAW

California law prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. An act violates this provision if it is "unlawful," "unfair" or "fraudulent." *Rubio v. Capitol One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010).  To assert a claim under these provisions, a plaintiff must have "'suffered injury in fact and . . . lost money or property as a result of the unfair competition.'" *Id.* at 1203– 04 (quoting Cal. Bus. & Prof. Code § 17204) (alteration in original). Here, Lac has alleged no loss of money or property as a result of Nationstar's alleged unfair competition.  This claim is dismissed.

IV.     CONCLUSION AND LEAVE TO AMEND

The motion to dismiss is GRANTED.  When a motion to dismiss is granted, district courts ordinarily allow the plaintiff leave to amend "when a viable case may be presented." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).  Here, the

1  complaint was prepared hastily in anticipation of a motion for a temporary restraining order.
2  Opp'n at 1–2.  Lac's opposition brief also suggests Lac would allege in an amended complaint
3  that Nationstar has attempted to schedule a foreclosure sale while considering his request for a
4  loan modification, in violation of California law.  He is granted leave to amend his complaint in
5  any manner consistent with this order and in compliance with Federal Rule of Civil Procedure 11.
6          Any amended complaint shall be filed within fourteen days.
7          This order resolves ECF No. 62.
8          IT IS SO ORDERED.
9  DATED: June 6, 2016.

                                            UNITED STATES DISTRICT JUDGE