UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON LAC,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC, DOES 1-10,<br><br>        Defendant. | No. 2:15-cv-00523-KJM-AC (TEMP)<br><br><br>ORDER TO SHOW CAUSE |

      Aldon Bolanos represents plaintiff Nelson Lac in this case. The State Bar of California took disciplinary action against Mr. Bolanos on May 18, 2015, resulting in the suspension of his license to practice law for ninety days beginning on November 27, 2015. *See* Opinion of May 18, 2015, *In re Bolanos*, No. 12-O-12167, 2015 WL 2447702, at *1 (Cal. State Bar. Ct. Review Dept. 2015); Supreme Court Order, *In re Bolanos*, No. 12-O-12167 (Oct. 28, 2015).

      On November 30, during the period of his suspension, Mr. Lac requested an award of attorneys' fees in connection with a then-recent motion for a temporary restraining order, ECF No. 36, and on December 7, 2016, applied *ex parte* for an order shortening time, ECF No. 38. Although some of these filings bear the typed electronic equivalent of attorney Walter Dauterman's signature, all were filed using Mr. Bolanos's CM/ECF credentials. Some are also

1

1  dated November 24, 2015, such that they appear to have been created before Mr. Bolanos's
2  suspension, but were filed on the docket of this case after his suspension took effect.
3         On December 15, 2015, more than two weeks after his suspension took effect, the
4  docket reflects that Mr. Bolanos filed a notice of his suspension, naming Mr. Dauterman as
5  interim counsel.  ECF No. 40.  In a declaration filed on March 18, 2016, Mr. Bolanos informed
6  the court in a footnote that Mr. Dauterman had "died unexpectedly at Christmastime 2015."
7  Bolanos Decl. at 2 n.1, ECF No. 56-3.  On June 2, 2016, counsel for defendant Nationstar
8  Mortgage LLC informed the court that Mr. Dauterman had died on December 21, 2015.  *See* Ede
9  Decl., ECF No. 88.  Counsel attached a copy of Mr. Dauterman's death certificate, which bears
10 the same date.  *Id.* Ex. A.  It therefore appears Mr. Lac was not represented between December
11 21, 2015 and February 25, 2016, and neither this court nor opposing counsel was aware of this
12 fact until several months later.  Apparently as a result of Mr. Dauterman's death, Mr. Lac made
13 no appearance at a January 13, 2016 hearing on his motion for default judgment.  *See* Minutes,
14 ECF No. 45.  The motion was denied.  ECF No. 46.
15        In addition, the magistrate judge assigned to preside over a settlement conference
16 in this case recently ordered Mr. Bolanos to show cause why he should not be sanctioned for his
17 conduct during a settlement conference and settlement negotiations.  ECF Nos. 87.  Although the
18 magistrate judge discharged the order to show cause, he was troubled by

> (1) Mr. Bolanos's failure to promptly and meaningfully respond to defendant's counsel's settlement communications; (2) Mr. Bolanos's failure to timely return the court's telephone calls and keep the court apprised regarding the status of settlement discussions with his client; (3) Mr. Bolanos's unapologetic, and at times bordering on disrespectful, tone in addressing the court during the June 2, 2016 telephone conference; and (4) the potential waste of judicial resources in preparing for, and hearing, motions that could have been mooted by a settlement, had Mr. Bolanos and his client been diligent in taking steps to finalize the potential settlement earlier.

25 Order Discharging Order to Show Cause, ECF No. 95 (footnote omitted).
26        California law forbids an attorney from practicing law during his or her
27 suspension. Cal. Bus. & Prof. Code § 6117.  "[T]he mere holding out by a layman or a suspended
28 attorney that he is practicing or is entitled to practice law" is unauthorized.  *Farnham v. State Bar*,

2

17 Cal. 3d 605, 612 (1976).  A person also practices law by preparing legal documents and filings.  *See, e.g.*, *In re Reynoso*, 477 F.3d 1117, 1125–26 (9th Cir. 2007) (bankruptcy filings).  The unauthorized practice of law may be punishable as a crime.  *See* Cal. Bus. & Prof. Code § 6126(b) (citing Cal. Pen. Code § 1170(h)).

"Any court which has the power to admit attorneys to practice may also sanction them for unprofessional conduct."  *Standing Comm. on Discipline of U.S. Dist. Court for S. Dist. of Cal. v. Ross*, 735 F.2d 1168, 1170 (9th Cir. 1984).  Each federal district court may adopt local rules to define the grounds for punishment.  *Id.* (citing 28 U.S.C. § 1654).  Under the Local Rules of this District, an attorney "shall promptly notify the Court of any disciplinary action or change in status in any jurisdiction that would make the attorney ineligible for membership in the Bar of this Court or ineligible to practice in this Court."  E.D. Cal. L.R. 184(b).  If an attorney's status changes under this rule, "the attorney shall forthwith be suspended from practice before this Court without any order of Court until becoming eligible to practice."  *Id.*  The court may impose monetary sanctions on those who practice before it without authorization.  *Id.* R. 184(c).  In addition, a judge of this court may, after reasonable notice or an order to show cause, initiate proceedings for contempt or "take any other appropriate disciplinary action against the attorney" in the event he or she engages in conduct that warrants discipline.  *Id.* R. 184(a).  The court may also refer the matter to the appropriate state disciplinary body.  *Id.*

The Local Rules also provide that "[a]nything filed using an attorney's name, login, and password will be deemed to have been signed by that attorney for all purposes . . . ."  *Id.* R. 131(c).  An attorney may use an electronic signature, as Mr. Bolanos and Mr. Dauterman did here, at least in part.  *See id.*  An electronic signature has two parts: (1) the designation "/s/ - [Name]" on the filing itself and (2) "the successful electronic filing of that document through use of the person's login and password."  *Id.* R. 101 (defining "electronic signature").  An attorney who files a document electronically must be admitted to practice before this court.  *Id.* R. 180(f).

In summary, Mr. Bolanos appears to have filed documents on Mr. Lac's behalf during the period of his suspension from practice.  Nothing indicates Mr. Bolanos took any action to notify the court or opposing counsel in a timely way of Mr. Dauterman's death, using methods

3

1 that would have been allowable in light of his suspension at the time. Notably, it appears Mr. Lac
2 had no interim attorney after Mr. Dauterman's death. As a result, Mr. Lac was unrepresented for
3 two months, including in a hearing on a previously filed motion for default judgment. Mr.
4 Bolanos's actions after his suspension was lifted also led to the possible frustration of settlement
5 efforts before Judge Newman.

6        Mr. Bolanos is therefore ORDERED TO SHOW CAUSE, within twenty-eight
7 days, why the court should not (1) impose monetary sanctions; (2) vacate the order granting Mr.
8 Lac's motion for attorneys' fees and require Mr. Bolanos to repay those fees to Nationstar, ECF
9 No. 61; (3) temporarily suspend Mr. Bolanos from practice before this court, for a period of sixty
10 days; (4) refer this matter to the California State Bar; or (5) order some combination of all or
11 some of the foregoing.

12        IT IS SO ORDERED.
13 DATED: June 23, 2016.

_____
UNITED STATES DISTRICT JUDGE