UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON LAC, | No. 2:15-cv-00523-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| NATIONSTAR MORTGAGE, LLC, | |
| Defendant. | |

On June 24, 2016, the court ordered Aldon Bolanos, counsel for plaintiff Nelson Lac, to show cause why he should not be sanctioned for practicing law during his suspension from practice by the California State Bar. ECF No. 98. Mr. Bolanos responded in declarations filed on June 27 and 28, 2016. ECF Nos. 99 & 101.[1] On review of his responses, the court finds as follows.

The California Supreme Court's order in Mr. Bolanos's state bar disciplinary action was filed on October 28, 2015, *see* Supreme Court Order, *In re Bolanos*, No. 12-O-12167 (Oct. 28, 2015), and his suspension took effect on November 27, 2015, but he did not notify this court of his suspension until December 15, 2015. *See* Not. Suspension, ECF No. 40. This delay

---

[1] Defendant Nationstar Mortgage, LLC filed an uninvited response to the same order. ECF No. 100.

1

violated Local Rule 184, which requires an attorney to notify this court promptly of any disciplinary action that would make him ineligible to practice. *See* E.D. Cal. L.R. 184(b).

Mr. Bolanos's credentials were used to make electronic filings on his client's behalf on the court's case management/electronic case file system during the period of his suspension from practice, and his signature appears on documents filed during that period. *See, e.g.*, Not. Mot. Atty's Fees, ECF No. 36; Bolanos Decl., ECF No. 36-1. In his declarations responding to the order to show cause, Mr. Bolanos concedes he authorized two other persons to use his electronic credentials. Bolanos Decl., ECF No. 99; Bolanos Supp. Decl., ECF 101.

Mr. Bolanos arranged for Walter Dauterman to represent Mr. Lac during the period of his suspension. After Mr. Dauterman died unexpectedly in December 2015, Mr. Bolanos took no action to inform the court, his client, or opposing counsel in this case until March 18, 2016. *See* Bolanos Decl. at 2 n.1, ECF No. 56-3. Notwithstanding the difficulties and personal anguish Mr. Bolanos experienced following Mr. Dauterman's death, Mr. Bolanos's three-month delay in notifying the court of the death is an egregious omission; he could have have provided notification without violating his suspension order, and should have. As a result of the delayed notification, Mr. Lac was unrepresented at a motion hearing on a previously filed motion for default judgment during Mr. Bolanos's suspension.

In light of Mr. Bolanos's multiple violations of rules of this court and standards of professional conduct, the court intends to impose the following sanctions: (1) Mr. Bolanos will be suspended from practice before this court for a minimum of sixty days, with the requirement that thereafter he submit a pre-reinstatement declaration, which must be accepted by the court before reinstatement, explaining the steps he has taken to familiarize himself with this court's local rules and all other rules of professional conduct applicable to practicing attorneys; (2) this matter will be referred to the appropriate disciplinary body of the California State Bar; and (3) Mr. Bolanos's name will be removed from this District's list of available pro bono attorneys.

These sanctions will not be finally ordered until after an *ex parte* hearing, set for **September 1, 2016, at 3:30 p.m. in Courtroom Three**. Mr. Bolanos and Mr. Lac both must attend this hearing, with Mr. Bolanos ensuring Mr. Lac is aware of the hearing, unless their

appearances are excused as explained below.  At the hearing, Mr. Lac shall be prepared to answer the court's questions about this case and Mr. Bolanos's representation of him.  To the extent necessary to preserve the attorney-client privilege, the hearing will held *in camera*.  If prior to hearing Mr. Lac submits and the court approves a proper substitution of counsel, Mr. Lac's appearance will be excused.

Also at the *ex parte* hearing, Mr. Bolanos shall be prepared to explain why his suspension from practice before this court should not be extended through the termination of any sanctions imposed by the California Supreme Court in the pending subsequent proceeding of *In re Bolanos*, No. 15-O-10896 (Cal. State Bar. Ct. filed Dec. 23, 2015).  If Mr. Bolanos files a statement under penalty of perjury at least **two (2) days** prior to hearing, representing that he will accept extension of suspension of his practice before this court through the termination of any sanctions imposed by the Supreme Court in the pending proceeding referenced above, then his appearance also will be excused.

IT IS SO ORDERED.

DATED: August 16, 2016.

_____
UNITED STATES DISTRICT JUDGE