1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NELSON LAC,                              No.  2:15-cv-00523-KJM-DB

12                   Plaintiff,

13        v.                                  ORDER

14   NATIONSTAR MORTGAGE, LLC,

15                   Defendant.

16

17

18              On December 8, 2016, the court heard argument on the parties' stipulated request

19   filed on September 29, 2016, to vacate five of the court's prior orders.  Roger G.  Kosla appeared

20   for plaintiff Nelson Lac, and Jered T. Ede appeared telephonically for defendant Nationstar.

21   After considering  the reasoning contained within the stipulation as well as the parties' arguments

22   at hearing, the court DENIES the request.

23   I.    BACKGROUND[1]

24              This case concerns a dispute over the propriety of foreclosure proceedings that

25   began in 2010.  In 2006, Lac obtained a mortgage loan with a principal amount of $480,000, and

26

27        _____

          [1] Because the parties attached no filings to the pending stipulated request for vacatur, the
28   court draws on documents in the record to supply the background.

                                          1

the loan was secured by a deed of trust recorded against his home on Citrus Avenue in Sacramento, California. *See* Req. for Judicial Notice ("RJN") Ex. L, ECF No. 67.[2]  In 2008, Lac's construction business closed, and he fell behind on his mortgage payments. Lac Decl. ¶ 3, ECF No. 56-2.  In November 2010, a notice of default was recorded, RJN Ex. M, and a few months later, a notice of trustee's sale was recorded, *id.* Ex. N.  For reasons not disclosed by the record, the sale did not go forward.

Nationstar began servicing Lac's loan in July 2013 and is the loan's current servicer. Janati Decl. ¶¶ 2, 5, ECF No. 66-1.  On July 1, 2014, Lac's attorney at the time, Aldon Bolanos, sent Nationstar two letters requesting Nationstar consider a loan modification.  Bolanos Decl. Ex. 1 at 3–4, ECF No. 56-4.  On July 31, Nationstar sent Bolanos a letter inviting Lac to apply for payment assistance options, apologizing that it had forgotten to forward an application for a loan modification as Bolanos had previously requested, and providing details to guide Lac in his response.  Janati Decl. Ex. A.  Nationstar received no response from Bolanos or Lac.  Janati Decl. ¶ 9.

On October 21, 2014, Bolanos sent Nationstar another letter.  Bolanos Decl. Ex. 1, at 6.  In this letter, Bolanos claimed Nationstar had not responded to his request for a loan modification application.  *Id.*  Nationstar wrote back on October 28, 2014, explaining it had previously sent the loan modification package for Lac to fill out and return, and attaching a new copy of the application package to that letter.  Janati Decl. Ex. B.  Bolanos and Lac again did not respond.  Janati Decl. ¶ 12.

A.  Complaint

Lac filed a complaint in this court on March 9, 2015, represented by Bolanos.  ECF No. 1.  Among other things, Lac's complaint alleged Nationstar ignored the letters Bolanos sent in July and October 2014.  *Id.* ¶¶ 3–6.  Consequently, Lac alleged the foreclosure proceedings against his property were commenced in violation of California Civil Code § 2923.6

---

[2] The court's prior orders took judicial notice of this document and the other matters of public record cited in this order.  *See* Fed. R. Evid. 201 (governing judicial notice).

and § 2923.7.  *Id*.  Lac requested damages, declaratory relief, an equitable accounting, interest, attorneys' fees and costs.  *Id.* at 7–8.

Nationstar did not timely file a responsive pleading to Lac's complaint, so in September 2015, Lac moved for the entry of Nationstar's default.  ECF No. 12.  On November 18, 2015, the court instructed the Clerk's Office to enter Nationstar's default.  ECF No. 30.

Because the matter before the court is a request to vacate five prior interlocutory orders, the court briefly reviews the background and nature of each order.

### B. Three Temporary Restraining Orders

Based on the premise that the scheduled foreclosure in this case was being conducted in violation of California Civil Code § 2923.6 and § 2923.7, Bolanos filed three *ex parte* requests for temporary restraining orders ("TRO") on Lac's behalf.  ECF Nos. 13, 38, 49.  Nationstar did not oppose the first request, and in fact stipulated to a sixty-day suspension of foreclosure proceedings.  Mins., ECF No. 23.  Nationstar opposed the second and third TRO requests, but only to explain the absence of any emergency due to its voluntary postponement of the date of foreclosure proceedings.  ECF Nos. 39, 52.  Nationstar did not refute the factual basis of any TRO request.  *See* ECF No. 52.  The court granted all three requests for TROs and temporarily barred the foreclosure sales.  Order Oct. 14, 2015, ECF No. 24; Order Dec. 29, 2015, ECF No. 41; Order Mar. 7, 2016, ECF No. 54.

### C. Order Granting Attorneys' Fees

After the court granted the first TRO, Bolanos filed requests for an award of attorneys' fees for obtaining the TRO on Lac's behalf.  ECF Nos. 34, 36.  At the time, Nationstar was in default, so it filed no opposition.  The court awarded attorneys' fees of $6,660.  *See* ECF No. 61 at 6–8 (citing Cal. Civ. Code 2924.12 and *Monterossa v. Superior Court of Sacramento Cty.*, 237 Cal. App. 4th 747, 753, 757 (2015)).  In the same order, the court set aside Nationstar's default after finding the default was inadvertent, Nationstar's defense was potentially meritorious, and the decision to set aside default would not prejudice Lac's case.  *Id.* at 4–6.

////

////

D. Order Denying Motion to Reconsider

Nationstar then moved for reconsideration of the fee award, arguing the court's order granting attorneys' fees was "clearly erroneous" because California law limits attorneys' fee awards to preliminary injunctions, not temporary restraining orders. Mot. Recons. 5–9, ECF No. 69. The court denied Nationstar's request for reconsideration, explaining at length why Nationstar's distinction between TROs and preliminary injunctions was irrelevant for purposes of awarding attorneys' fees. ECF No. 104.

II.     STIPULATED REQUEST TO VACATE PRIOR ORDERS

On September 9, 2016, the court suspended Bolanos from practice in this district for conduct in this case, namely authorizing other attorneys to use his credentials to electronically file documents he signed on his client's behalf while he was suspended from practice. ECF No. 120; *see also* Order Aug. 17, 2016, ECF No. 8, at 2 (stating findings upon which later suspension order was based). Soon thereafter, Lac retained his current attorney, Roger Kosla. Substitution Notice, ECF No. 112. On September 29, 2016, Mr. Kosla and counsel for Nationstar submitted a stipulated request to vacate the three orders granting Lac's *ex parte* TRO requests, the court's order granting attorneys' fees in connection with obtaining the first TRO and the court's order denying Nationstar's motion to reconsider the attorneys' fee award. ECF No. 123. The parties base their request to vacate on an assertion that Bolanos misrepresented the foundational facts to the court, and that the court's orders were therefore wrongly decided. *Id.* at 2.

A. Legal Standard

There are several methods by which a party may request that a court alter its prior orders, including a request to reconsider, reverse, strike or vacate. In a motion to reconsider or reverse, the party is asking the court to reconsider a prior decision and come to an alternative conclusion. In a motion to strike or vacate, the party is requesting that the court eliminate its prior order from the record entirely. The latter method, vacatur, is what the parties request in this case. *See generally* 56 Am. Jur. 2d Motions, Rules, and Orders § 40.

"As long as a district court has jurisdiction over [a] case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen

4

by it to be sufficient." *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation, quotation marks, and emphasis omitted).  Rule 54(b) of the Federal Rules of Civil Procedure expressly authorizes courts to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Relief from a prior judgment or order is appropriate where it is necessary to correct clear error or prevent manifest injustice, where new evidence has become available, or where there has been an intervening change in controlling law.  *Cachil Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *Sch. Dist. No. 1J Multnomah Cty. v. AC&S Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993)).  "To succeed [on such a request], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Knight v. Rios*, No. 09-00823, 2010 WL 5200906, at *2 (E.D. Cal. Dec. 15, 2010).

The Supreme Court has emphasized the importance of considering the public interest when contemplating the equitable remedy of vacatur: "Judicial precedents are presumptively correct and valuable to the legal community as a whole.  They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur."  *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26–27 (1994) ("*Bonner Mall*") (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp*., 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)).  Thus, "quite apart from any considerations of fairness to the parties," vacatur disturbs the "orderly operation of the federal judicial system" by deviating from the primary route Congress has prescribed for parties who seek relief from the legal consequences of court judgments: appeal as of right and certiorari.  *Id.* at 27.

In *American Games, Inc. v. Trade Products, Inc.*, the Ninth Circuit distinguished *Bonner Mall* in holding that district courts, due to the "fact-intensive nature of the inquiry required," enjoy "greater equitable discretion when reviewing [their] own judgments than do

5

appellate courts operating at a distance." 142 F.3d 1164, 1170 (9th Cir. 1998). Therefore, a district court in this circuit may vacate one of its own judgments absent exceptional circumstances. *See id*. at 1167–68. The proper approach is to apply an "equitable balancing test," which balances the hardships of the parties and the public interests at stake. *Id*. at 1166; *Zinus, Inc. v. Simmons Bedding Co*., No. C 07-3012 PVT, 2008 WL 1847183, at *1 (N.D. Cal. Apr. 23, 2008). Some district courts have said that in applying this balancing test, a court should consider "the parties' desire to avoid any potential preclusive effect; the parties' interest in conserving their resources; the public interest in the orderly operation of the federal judicial system; and the potential to conserve judicial resources." *White v. Shen*, No. C09-0989 BZ, 2011 WL 2790475, at *1 (N.D. Cal. Jul. 13, 2011) (citation omitted); *see also Ohio Willow Wood Co. v. Thermo–Ply, Inc.,* 769 F.Supp.2d 1065 (E.D. Tex. 2011); *White v. Shen*, No. C09-0989 BZ, 2011 WL 2790475, at *1 (N.D. Cal. July 13, 2011); *Cisco Sys., Inc. v. Telcordia Tech., Inc*., 590 F. Supp. 2d 828, 831 (E.D. Tex. 2008) (analyzing these same factors in equitable balancing test).

In both *Bonner Mall* and *American Games,* the questions presented related to requests to vacate judgments rather than orders. The instant case has not reached the judgment stage and the parties are asking the court to vacate interlocutory orders. In a situation such as this, as provided by Rule 54(b), "[a] court has complete power over interlocutory orders . . . and has authority to revise them when it is 'consonant with equity' to do so." *De La O v. Arnold-Williams*, Nos. CV-04-0192 EFS, CV-05-0280 EFS, 2008 WL 4192033, at *1 (E.D. Wash. Aug. 27, 2008) (quoting *Simmons v. Brier Bros. Co*., 258 U.S. 82 (1922)); *see also Persistence Software, Inc. v. The Object People, Inc*., 200 F.R.D. 626, 627 (N.D. Cal. 2001) (standard for vacatur of nonfinal orders under Rule 54(b) less rigid than for vacatur of final judgment under Rule 60(b)).

The court should consider several factors when determining if vacatur is appropriate. Such factors, as relevant here, include "whether all the parties involved in the ruling(s) request and agree to vacatur as a condition of a proposed settlement of the action; . . . whether a former party to the action would be adversely affected by a vacatur; and whether the costs of continuing the action with uncertain results are outweighed by the benefits of the

1  proposed settlement of the action." *De La O*, 2008 WL 4192033, at *1; *cf. RE2CON, LLC v.*

2  *Telfer Oil Co.*, 2:10-CV-00786-KJM, 2013 WL 1325183 (E.D. Cal. Mar. 29, 2013). However the

3  court assesses a party's request, it must be guided by equitable considerations in resolving it.

4  *Cuviello v. Cal Expo*, 2014 WL 1379873, at *3 (E.D. Cal. Apr. 8, 2014).

5          B. <u>Discussion</u>

6          In urging the court to vacate five prior orders, the parties cite no case law and

7  provide no evidence to support their request. *See* ECF No. 123. They also do not engage in any

8  equitable balancing of interests, and instead they argue the TROs were based on erroneous facts.

9  They assert plaintiff's new counsel, Mr. Kosla, recently discovered Nationstar did, in fact,

10  respond to Lac's letters requesting a loan modification, and that Mr. Bolanos did not reply to

11  Nationstar's letters, did not contact Nationstar prior to filing this lawsuit, and did not submit any

12  loan modification application to Nationstar despite being presented with the opportunity. *Id.* at 2.

13  Based on this new information, Lac now agrees Nationstar did not violate California law

14  justifying a TRO; he agrees no TRO should have issued. *Id.* Because the TROs were based on

15  erroneous facts, they say, the court's order granting attorneys' fees in connection with the first

16  TRO request was similarly unsupported. The parties' stipulation offers no support for these

17  blanket assertions or any proof of the facts Mr. Kosla says he recently discovered.

18          Even if the parties' request were supported, balancing the equities weighs against

19  vacatur. Not one of the prior orders has an ongoing impact in the case. No order made legal or

20  factual determinations that bind the parties or establish law of the case. The last TRO expired in

21  June of 2016. Regarding the attorneys' fees award, the parties stipulate that Lac may retain the

22  fees awarded. *Id.* at 3.

23          Moreover, vacatur is not a condition of any proposed settlement of this action. *See*

24  *Bonner Mall*, 513 U.S. 26 (settlement conditioned on vacatur weighed in favor of granting request

25  to vacate). Vacatur also would not alter the case factually so as to advance settlement

26  negotiations or avoid needless motions on the merits in the future. Thus, the general judicial

27  policy favoring settlement is not implicated. *See Major League Baseball Props., Inc. v. Pac.*

28

*Trading Cards, Inc.*, 150 F.3d 149, 152 (2d Cir. 1998) (circumstances surrounding motion and settlement so exceptional that vacatur was appropriate).

The court also notes the negative impact vacatur would have on the orderly progress of this litigation. One order covered by the parties' stipulation is an order for which the court previously denied a request to reconsider. To vacate that order now would signal that any court order is fair game after the fact. *Cf. Bonner Mall*, 513 U.S. at 27 ("To allow a party who steps off the statutory path [of appeal following an unfavorable judgment] to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would . . . disturb the orderly operation of the federal judicial system."); *Philip Servs. Corp. v. City of Seattle*, Civil Action No. H-06-2518, 2007 WL 3396436 (S.D. Tex. Nov. 17, 2007) (quoting *Cater v. Rosenberg & Estis*, No. 95 CIV. 10439(DLC), 1999 WL 13036, at *3 (S.D.N.Y. 1999) ("there is a 'systemic' interest in preserving district court judgments because 'they play a significant role in the development of decisional law by providing guidance to private parties with respect to the availability of remedies and to litigation strategy,' and they 'can also be useful to the courts of appeals in rendering decisions."). The public interest in the orderly progress of a case weighs against vacatur here.

III.    <u>CONCLUSION</u>

For the foregoing reasons, the court DENIES the parties' stipulated request to vacate five interlocutory orders of the court (ECF Nos. 24, 41, 54, 61, 104) in its entirety.

This resolves ECF No. 123.

IT IS SO ORDERED.

DATED: August 7, 2017.

_____
UNITED STATES DISTRICT JUDGE

8